ON MOTION EOR REHEARING.
 

 LATTIMORE, Judge.
 

 We made no statement in our original opinion that appellant tried to collect insurance on the property carried away from his residence on the night of the fire by his brother-in-law, and what we said in regard to the fact of the property being so removed and taken to Dallas in strict accord with the facts as they appear in the record. Nor did we decline to consider, on the ground that it was in question and answer form, appellant’s bill of exceptions taken by him to the introduction on behalf of the State of all of the testimony given by appellant at a former trial. The opinion does state that we would decline to read through so many pages of typewritten questions and answers, etc., but it is clear from the reading thereof that we placed our refusal to consider the bill upon the ground that the exception taken was but a blanket or general exception taken to the whole of the testimony, much of which was admissible and material. Said testimony was introduced by the State as part of its ease in chief and when it had no knowledge of the fact that appellant would take the witness stand. Many of the admissions contained in said statement were material to show that appellant was present at the time of the fire, and to show his conduct and that of his wife and brother-in-law. This court has in many cases declined to consider general objections to lengthy matters, part of which are admissible. See See. 211, Branch’s Annotated P. C. for authorities.
 

 Appellant complains of various short expressions in our opinion which will not be noticed, but his chief complaint in his motion is that we erred in holding the testimony sufficient to support the conviction.
 

 Appellant’s house and its contents burned on the night of November 23, 1921, at some time approximating two o’clock in the morning. The house was situated in Britton, which little town is located about the line of Ellis and Tarrant counties. Appellant lived in Ellis county. An examination of the record discloses no suggestion of any natural cause from which the fire could have occurred, nor is there anything in the testimony of appellant or any other occupant of his house which would indicate or point to the
 
 *558
 
 probability of the fire being caused other than by an incendiary. The house was insured for $800.00 and its contents for $500.00. The location and movements of appellant’s brother-in-law, C. J. Watts, appeared material. The State introduced a Miss Parsley who testified that on the night of the fire she was sitting up with Watts’ wife’s mother at the Watts’ home, some few miles in the country from Britton, and that about midnight Watts left said home in his car. Our statement in the original opinion that Miss Parsley spent the night at the home of appellant was wrong. A near neighbor of appellant testified that about ten minutes before .one o’clock on that night, she was waked by the sound of a motor vehicle, said noise coming apparently from a vehicle leaving appellant’s house and going up toward the main street of said town. She got up and looked toward appellant’s house and saw a light in the room of the house nearest her home. She did not go to sleep again, and in about an hour heard the screaming and saw the fire that destroyed appellant’s home. Of the neighbors who lived around appellant near by and came at once to help put out the fire or in any other way, none saw or heard Watts leave the premises in his car at or about the time of the fire.
 

 Mrs. Fisher, appellant’s wife, took the stand in his behalf and on cross-examination admitted that she had told parties that they lost everything in the fire. She further testified that she did not know that her brother, Watts, had taken any of the property away from their premises on the night of the fire until her husband told her of it as they were going up to Mr. Ollmon’s after the fire was over. Appellant testified and said that when he was waked the house was on fire, and that when he got on the outside he found Watts, already had some things loaded in his automobile and that he left with them before any of the neighbors gathered in. He said he had not spoken to Watts before he had the car loaded and did not know he was loading it, nor how came Watts to load it. He said Watts asked him what to do with the stuff and that he told him to take it away to save it, and swore he did not know Watts was going to take it to Dallas, nor did he tell him where to take it. The State also proved by the insurance people that on the list given them by appellant of his household goods which wev> dest roved by fire, appeared a phonograph valued at $135.00 and they said they asked appellant why the metal parts of the phonograph were not discovered in the ashes and he said he supposed the boys or some one had carried them away. It was proven that on the night of the fire appellant’s brother-in-law Watts carried to Dallas in his ear property belonging to appellant, consisting of a trunk in which was some silverware and some clothing about which Mrs. Fisher made the peculiar statement that it was “too good to be disposed of”; also a Victrola or phonograph, two mattresses and a quilt. The
 
 *559
 
 storage man at Dallas testified that when Mrs. Fisher came after the articles on the 25th of November and he produced them, that site asked him where “the other quilt was.” It was further shown by the state that appellant went to Dallas to adjust his fire loss something like a week afterward and after it had been discovered by the insurance people that part of the property had been put in storage on the morning after the fire. The adjuster asked appellant to make him a sworn statement as to the property lost and an oath was administered to appellant by a notary public, and after having been sworn, questions were asked him regarding the property, and he said that his phonograph was .destroyed in said fire. The specific question was put to him regarding the phonograph and property, brought by Watts and put in storage, and he was asked if that was his. ITe denied it. Later in the day he telephoned back to the adjuster’s office and told him he would not come back and sign the statement which he had made, that he had lied about the phonograph, etc. Asked why he did so, he replied that “They talked me into it.”
 

 We have thus stated some of the material facts relied on by the State as showing appellant guilty of the burning of the property. We regret that we cannot agree with appellant’s contention that the evidence is insufficient to justify the conclusion of guilt reached by the jury.-
 

 The motion for rehearing will be overruled.
 

 Overruled.